IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No.: 5:13-cv-00649-FL

| | |
|---|---|
| Amy Sparks, individually, and <br> Robert D. Sparks, as Personal Representative <br> of the Estate of Jarred B. Sparks, <br><br> Plaintiffs, <br><br> v. <br><br> Oxy-Health, LLC and <br> Oxy-Health Corporation, <br><br> Defendants. | **ANSWER OF OXY-HEALTH, LLC <br> AND OXY-HEALTH CORPORATION** |

Defendants Oxy-Health, LLC and Oxy-Health Corporation (collectively "Oxy-Health" or "Defendants") file this Answer to the Complaint of Plaintiffs Amy Sparks and Robert D. Sparks ("Plaintiffs") as follows:

## ANSWER

Except as expressly admitted in this Answer to the Complaint, Defendants deny the allegations and characterizations in the Complaint, including its prayer for relief, and respond to the Complaint as follows:

1. Defendants admit that the Complaint alleges claims of negligence and seeks compensatory and punitive damages. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 1 of the Complaint.

2. Defendants admit the allegations of Paragraph 2 of the Complaint upon information and belief.

3. Defendants admit the allegations of Paragraph 3 of the Complaint upon information and belief.

4. Defendants admit the allegations of Paragraph 4 of the Complaint upon information and belief.

5. Defendants admit that Oxy-Health LLC is a California limited liability company with its principal place of business in Los Angeles County, California. The remaining allegations in Paragraph 5 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 5 of the Complaint.

6. Defendants admit that Oxy-Health Corporation is a California corporation with its principal place of business in Los Angeles County, California. The remaining allegations in Paragraph 6 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 6 of the Complaint.

7. The allegations in Paragraph 7 contain only legal conclusions to which no response is required.

8. Defendants admit that the document attached to the Complaint as Exhibit A is a writing and, thus, speaks for itself and is the best evidence of its contents. Defendants deny any allegation in Paragraph 8 that is inconsistent with the document's contents.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, on that basis, deny those allegations.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, deny those allegations.

11. Defendants repeat and reallege their responses to the allegations in Paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, on that basis, deny those allegations.

13. Admitted upon information and belief.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, on that basis, deny those allegations.

15. Defendants admit that the website, www.oxyhealth.com is a writing and, thus, speaks for itself and is the best evidence of its contents. Defendants deny any allegation in Paragraph 15 that is inconsistent with the website's contents.

16. Defendants admit that the website, www.oxyhealth.com is a writing and, thus, speaks for itself and is the best evidence of its contents. Defendants deny any allegation in Paragraph 16 that is inconsistent with the website's contents.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, on that basis, deny those allegations.

18. Defendants admit that the Vitaeris 320 HBOT Chamber is a portable mild hyperbaric chamber distributed by Oxy-Health, LLC. Except as expressly admitted herein, the allegations in Paragraph 18 of the Complaint are denied.

19. Defendants admit that a 10-ft. PVC clear plastic tubing connects the air compressor to the Chamber. Except as expressly admitted herein, the allegations in Paragraph 19 of the Complaint are denied.

20. Denied.

21. Defendants admit that the Oxy-Health Mild Hyperbaric Chambers "Operating and Reference Guide" (Revision 5-September 2005) is a writing and, thus, speaks for itself and is the best evidence of its contents. Defendants deny any allegation in Paragraph 21 that is inconsistent with the document's contents.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, on that basis, deny those allegations.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and, on that basis, deny those allegations.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, on that basis, deny those allegations.

25. Defendants admit that Jared Sparks died. Defendants specifically deny that Jarred Sparks died as a result of any action or inaction on the part of Defendants. Except as expressly admitted herein, Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants repeat and reallege their responses to the allegations in Paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27. The allegations in Paragraph 27 contain only legal conclusions to which no response is required.

28. The allegations in Paragraph 28 contain only legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and, on that basis, deny those allegations.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and, on that basis, deny those allegations.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Defendants deny that Plaintiff is entitled to any recovery.

42. Defendants repeat and reallege their responses to the allegations in Paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43. The allegations in Paragraph 43 contain only legal conclusions to which no response is required.

44. The allegations in Paragraph 44 contain only legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Denied.

46. Denied.

47. Denied.

48. Defendants deny that there was a "dangerous nature" or defective design of the Chamber. Defendants are without knowledge of what the Sparks were or were not aware of at any time, and therefore deny the remaining allegations in Paragraph 48 of the Complaint.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Defendants deny that Plaintiff is entitled to any recovery.

56. Defendants repeat and reallege their responses to the allegations in Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57. Defendants admit that Oxy-Health LLC is the exclusive distributor of the Vitaeris 320 HBOT Chamber. Except as expressly admitted herein, the allegations in Paragraph 57 of the Complaint are denied.

58. The allegations in Paragraph 58 contain only legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 58 of the Complaint.

59. The allegations in Paragraph 59 contain only legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 59 of the Complaint.

60. The allegations in Paragraph 60 contain only legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Defendants deny that Plaintiff is entitled to any recovery.

72. Defendants repeat and reallege their responses to the allegations in Paragraphs 1 through 71 of the Complaint as if fully set forth herein.

73. The allegations in Paragraph 73 contain only legal conclusions to which no response is required.

74. Defendants admit that Oxy-Health LLC is the exclusive distributor of the Vitaeris 320 HBOT Chamber. Except as expressly admitted herein, the allegations in Paragraph 74 of the Complaint are denied.

75. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint and, on that basis, deny those allegations.

76. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint and, on that basis, deny those allegations.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Defendants deny that Plaintiff is entitled to any recovery.

83. Defendants repeat and reallege their responses to the allegations in Paragraphs 1 through 82 of the Complaint as if fully set forth herein.

84. The allegations in Paragraph 84 contain only legal conclusions to which no response is required.

85. Defendants admit that Oxy-Health LLC is the exclusive distributor of the Vitaeris 320 HBOT Chamber. Except as expressly admitted herein, the allegations in Paragraph 85 of the Complaint are denied.

86. Defendants admit that the website, [www.oxyhealth.com](www.oxyhealth.com) is a writing and, thus, speaks for itself and is the best evidence of its contents. Defendants deny any allegation in Paragraph 86 that is inconsistent with the website's contents.

87. Defendants admit that the website, [www.oxyhealth.com](www.oxyhealth.com) is a writing and, thus, speaks for itself and is the best evidence of its contents. Defendants deny any allegation in Paragraph 87that is inconsistent with the website's contents.

88. Defendants admit that the Oxy-Health Mild Hyperbaric Chambers "Operating and Reference Guide" (Revision 5-September 2005) is a writing and, thus, speaks for itself and is the

best evidence of its contents. Defendants deny any allegation in Paragraph 88 that is inconsistent with the document's contents.

89. The allegations in Paragraph 89 contain only legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 89 of the Complaint.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Defendants deny that Plaintiff is entitled to any recovery.

95. Defendants repeat and reallege their responses to the allegations in Paragraphs 1 through 94 of the Complaint as if fully set forth herein.

96. The allegations in Paragraph 96 contain only legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 96 of the Complaint.

97. The allegations in Paragraph 97 contain only legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 97 of the Complaint.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Complaint and, on that basis, deny those

allegations. Defendants further deny any product defects and/or failure to disclose "material" information.

103. Denied.

104. The allegations in Paragraph 104 contain only legal conclusions to which no response is required.

105. The allegations in Paragraph 105 contain only legal conclusions to which no response is required.

106. Denied.

107. Denied.

108. Denied.

109. Defendants admit that the website, [www.oxyhealth.com](www.oxyhealth.com) is a writing and, thus, speaks for itself and is the best evidence of its contents. Defendants deny any allegation in Paragraph 109 that is inconsistent with the website's contents.

110. Defendants admit that the website, [www.oxyhealth.com](www.oxyhealth.com) is a writing and, thus, speaks for itself and is the best evidence of its contents. Defendants deny any allegation in Paragraph 110 that is inconsistent with the website's contents.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Defendants deny that Plaintiff is entitled to any recovery.

116. Defendants repeat and reallege their responses to the allegations in Paragraphs 1 through 115 of the Complaint as if fully set forth herein.

117. Denied.

118. Defendants admit that the website, www.oxyhealth.com is a writing and, thus, speaks for itself and is the best evidence of its contents. Defendants deny any allegation in Paragraph 118 that is inconsistent with the website's contents.

119. Denied.

120. Denied.

121. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the Complaint and, on that basis, deny those allegations.

122. Denied.

123. Defendants deny that Plaintiff is entitled to any recovery.

124. Defendants repeat and reallege their responses to the allegations in Paragraphs 1 through 123 of the Complaint as if fully set forth herein.

125. Denied.

126. Denied.

127. Denied.

128. Defendants deny that Plaintiff is entitled to any recovery.

## GENERAL DENIAL

Unless specifically admitted herein, Defendants deny the truth of each and every allegation set forth in the Complaint, including the allegations and statements in the prayer for relief.

## AFFIRMATIVE DEFENSE

### First Affirmative Defense

Plaintiffs fail to state a claim upon which relief can be granted against Defendants.

### Second Affirmative Defense

If it is determined that the Defendants were negligent as alleged in the Complaint, which negligence is again specifically denied, Defendants allege that Plaintiffs were contributorily negligent and that Plaintiffs' own negligence was the direct and proximate cause of the injuries or damages, if any, as alleged in the Complaint. Defendants affirmatively plead the Plaintiffs' contributory negligence as a bar to all claims contained in the Complaint.

### Third Affirmative Defense

To the extent that it is determined that any injuries and damages were proximately caused by the alleged negligence of Defendants, which negligence is again specifically denied, Defendants alleges that such injuries, if any, were directly and proximately caused by the intervening, superseding, and insulating negligence of one or more third parties which is unrelated to any conduct by Defendants and for which Defendants are not responsible. Therefore, Plaintiffs' claims against Defendants are barred by this intervening, superseding, and insulation negligence.

### Fourth Affirmative Defense

Plaintiff is not entitled to recover any punitive damages, as prayed for in the Complaint, and any allegations with respect thereto should be stricken because Plaintiff has failed to plead facts or any aggravating factor sufficient to support a claim for punitive damages in violation of N.C.G.S. §1A-1 Rule 9(k) and §1D-15(a) and (d).

### Reservation of Affirmative Defenses

Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may be available now or that may become available in the future, based on discovery or other factual investigation of this case.

**WHEREFORE**, Defendants respectfully request that the Court:

1. Dismiss Plaintiffs' Complaint with prejudice;

2. Dismiss all claims against Defendants with prejudice;

3. Award Defendants their costs for defending this action, including reasonable attorneys' fees as permitted by law; and

4. Award such other and further relief to the Defendants as the Court deems just and proper.

This the 21st day of November, 2013.

/s/ Melanie Black Dubis
Melanie Black Dubis
N.C. Bar No. 22027
melaniedubis@parkerpoe.com
Parker Poe Adams & Bernstein LLP
150 Fayetteville Street, Suite 1400
Raleigh, NC  27601
Phone:  919-828-0564
Fax:  919-834-4564

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing **ANSWER OF OXY-HEALTH, LLC AND OXY-HEALTH CORPORATION** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> Justin D. Bice
> Bice Law, LLC
> justin@bicelaw.us
>
> William Christopher Swett
> Motley Rice LLC
> cswett@motleyrice.com

This the 21st day of November, 2013.

> /s/ Melanie Black Dubis_____
> Melanie Black Dubis
> N.C. Bar No. 22027
> melaniedubis@parkerpoe.com
> Parker Poe Adams & Bernstein LLP
> 150 Fayetteville Street, Suite 1400
> Raleigh, NC  27601
> Phone:  919-828-0564
> Fax:  919-834-4564
>
> *Attorneys for Defendants*