IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No.: 5:13-cv-00649-FL

| | | |
|---|---|---|
| Amy Sparks, individually, and<br>Robert D. Sparks, as Personal Representative<br>of the Estate of Jarred B. Sparks, | ) ) ) ) | |
| Plaintiffs, | ) ) | **RESPONSE OF OXY-HEALTH, LLC<br>AND OXY-HEALTH CORPORATION<br>IN OPPOSITION TO MOTION FOR<br>ENTRY OF DEFAULT** |
| v. | ) ) ) | |
| Oxy-Health, LLC and<br>Oxy-Health Corporation, | ) ) | |
| Defendants. | ) ) | |

Defendants Oxy-Health, LLC and Oxy-Health Corporation (collectively "Oxy-Health" or "Defendants") submit this Response in Opposition to Plaintiffs' Motion for Entry of Default. Plaintiff's Motion should be denied because: 1) Defendants have filed an Answer to Plaintiff's Complaint; 2) Defendants acted reasonably promptly after the Motion was filed to correct their failure to respond and filed an Answer; 3) Defendants set forth a meritorious defense in their Answer; and 4) Plaintiffs have failed to allege any prejudice from having this case heard on its merits, which is the policy and preference of this Circuit.

## STATEMENT OF FACTS

Plaintiffs originally filed this action in the Superior Court for the State of California for the County of Los Angeles. That action was dismissed pursuant to Defendants' Motion to Dismiss or Stay Case for Forum Non Conveniens. Plaintiffs then re-filed this action in the Eastern District of North Carolina on September 12, 2013. The Complaint alleges causes of action for, *inter alia*, negligence, negligent infliction of emotional distress, breach of implied and express warranties, and unfair and deceptive trade practices arising out of the use of a

PPAB 2257876v1

portable hyperbaric chamber distributed by Defendants. Plaintiff Robert D. Sparks is the personal representative of the Estate of Jared B. Sparks, and Plaintiff Amy Sparks is the decedent's mother. (See Complaint, DE-1, paragraphs 2-4.)

Plaintiffs filed a Motion for Entry of Default on November 14, 2013 – two days after Defendants' responsive pleading was due. Notwithstanding the fact that Plaintiffs' counsel copied Defendants' California counsel on the letters to Plaintiffs' registered agents enclosing copies of the Waivers of the Service of Summons forms (see DE-11, Exhibits A and B) and on the letter enclosing this Motion (see November 14, 2013 letter attached hereto as Exhibit A), Plaintiffs' counsel did not contact Defendants' California counsel prior to filing the instant Motion.

Defendants' filed their Answer on November 21, 2013 (DE-14) – one week after Plaintiffs filed this Motion, and nine days after the original due date. Defendants' Answer denies many of the Complaint's factual allegations and asserts several affirmative defenses, including the intervening negligence of one or more third parties, and the defense that Plaintiffs' claims are barred by the doctrine of contributory negligence.[1] Entry of Default has not been entered. For the reasons set forth herein, Plaintiffs' Motion for Entry of Default should be denied.

**ARGUMENT**

Default judgments are disfavored in this Circuit, and the Rules, are to be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Tolson v. Hodge,*411 F.2d 123, 130 (4th Cir. 1969). *See also Hardee's Food Systems, Inc. v. Reynolds*, 2000 WL 1015947, p. 8 (E.D.N.C. 2000). Accordingly, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside default so that the case may be heard on the merits." *Tolson,* 411 F.2d at 130; see also *Currie v. Wood*, 112

---

[1] California, the jurisdiction in which this case was originally filed, does not recognize the doctrine of contributory negligence as a bar to recovery.

F.R.D. 408, 409 (E.D.N.C. 1986). Here, default has not yet been entered, and the Defendants acted promptly upon discovery of the Motion to file their Answer. Consistent with the strong policy in this Circuit favoring disposition of cases on the merits, the Court should deny Plaintiffs' Motion for Entry of Default.

## I.    Default Should Not Be Entered Where Defendants Have Answered.

Rule 55(a) of the Federal Rules of Civil Procedure states, in pertinent part, "[w]hen a party against who a judgment for affirmative relief is sought has *failed to plead or otherwise defend*, . . . the clerk must enter the party's default." FRCP 55(a) (emphasis added). Here, Defendants have plead by filing an Answer before default has been entered. Under these circumstances, the Court can exercise its discretion and refuse to enter default. *See Lee v. Brotherhood of Maintenance of Way*, 139 F.R.D. 376, 381 (D. Minn. 1991) (denying motion for default and noting, "[w]here a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits").

## II.    Defendants Have Acted Promptly and Alleged a Meritorious Defense.

As noted above, default has not been entered in this case. If default is entered[2], a motion to set the default aside pursuant to Rule 55(c) may be granted "for good cause shown." FRCP 55(c). Good cause is shown when the movant "acts with reasonable promptness to have the default set aside and alleges a meritorious defense." *Willis v. MCI Telecommunications*, 177 F.R.D. 350 (E.D.N.C. 1998). All that is necessary to establish a meritorious defense is "a proffer of evidence which, if believed, would permit the court to find for the defaulting party." *Id.* at 350-51, *citing Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988); see also *Armor v. Michelin Tire Corp.*, 113 F.3d 1231, 1997 WL 245217, p. 2 (4th

---

[2] Defendants reserve their right to move to have default set aside pursuant to Rule 55(c).

Cir. 1997) (noting that the court is required to consider only "whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default").

Here, Defendants acted with reasonable promptness and filed their Answer one week after Plaintiffs' Motion was filed, and before default has been entered. *See Currie*, 112 F.R.D. at 410 (granting motion to set aside entry of default where "it is apparent . . . that the length of the delay involved (18 days) is short and of no substantial consequence"); *Willis*, 177 F.R.D. at 351 (granting motion to set aside entry of default filed eight days after default was entered and noting, "plaintiff will not be prejudiced or disadvantaged by the court setting aside the entry of default and allowing the case to proceed on its merits"). As in *Currie* and *Willis*, Plaintiffs here will not be prejudiced by the short delay and by allowing this case to proceed on its merits.

Defendants have also asserted a meritorious defense. Plaintiffs' Complaint states on its face that the decedent suffered from autism, that his brother placed him in the portable hyperbaric chamber at issue, and that the decedent was left unattended by any family member until his mother found him asphyxiated. (See Complaint, DE-1, paragraphs 22-25). Under the North Carolina law applicable to this case, "a plaintiff is contributorily negligent when he fails to exercise such care as an ordinary prudent person would exercise under the circumstances in order to avoid injury." *Nicholson v. American Safety Utility Corp.*, 346 N.C. 767, 772, 488 S.E.2d 240, 244 (1997). "All of the circumstances during the plaintiff's use of the product must be considered, not just plaintiff's conduct with respect to the product itself." *Id.,* 346 N.C. at 773, 488 S.E.2d at 244 (emphasis added). Moreover, "[a]n efficient intervening cause is a new proximate cause" that may insulate the alleged tortfeasor if it is "such as to break the sequence of causal connection between the negligence of the first part and the injury." *Adams v. Mills*, 312 N.C. 181, 194, 322 S.E.2d 164, 172-73 (1984).

Based on the facts as alleged by Plaintiffs in the Complaint, it is possible that a jury may find contributory or intervening negligence is sufficient to state a meritorious defense.  At this stage in the litigation – before any discovery has taken place – the mere possibility of such a finding is sufficient to state a meritorious defense.  *See Armor,*  113 F.3d 1231, 1997 WL 245217 at p. 2.  Consequently, the Court should deny Plaintiffs' Motion and allow this case to proceed promptly on its merits.

### CONCLUSION

For the reasons stated herein, Defendants Oxy-Health, LLC and Oxy-Health Corporation respectfully request that the Court deny Plaintiffs' Motion for Entry of Default.


This the 25th day of November, 2013.

/s/ Melanie Black Dubis
Melanie Black Dubis
N.C. Bar No. 22027
melaniedubis@parkerpoe.com
Parker Poe Adams & Bernstein LLP
150 Fayetteville Street, Suite 1400
Raleigh, NC  27601
Phone:  919-828-0564
Fax:  919-834-4564

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true copy of the foregoing **RESPONSE OF OXY-HEALTH, LLC AND OXY-HEALTH CORPORATION IN OPPOSITION TO MOTION FOR ENTRY OF DEFAULT** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> Justin D. Bice
> Bice Law, LLC
> justin@bicelaw.us
>
> William Christopher Swett
> Motley Rice LLC
> cswett@motleyrice.com

This the 25th day of November, 2013.

> /s/ Melanie Black Dubis_____
> Melanie Black Dubis
> N.C. Bar No. 22027
> melaniedubis@parkerpoe.com
> Parker Poe Adams & Bernstein LLP
> 150 Fayetteville Street, Suite 1400
> Raleigh, NC  27601
> Phone:  919-828-0564
> Fax:  919-834-4564
>
> *Attorneys for Defendants*