IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-cv-649-FL

| | |
|---|---|
| AMY SPARKS, INDIVIDUALLY, AND ROBERT D. SPARKS, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JARRED B. SPARKS,<br><br>      Plaintiffs,<br><br>  v.<br><br>OXY-HEALTH, LLC and OXY-HEALTH CORPORATION<br><br>      Defendants. | <u>CONSENT PROTECTIVE ORDER</u><br>Fed. R. Civ. P. 26(c) |

IT IS HEREBY STIPULATED BY THE PARTIES AND ORDERED BY THE COURT as follows:

This case involves several claims related to the alleged wrongful death of Jarred Sparks while undergoing treatment in a hyperbaric chamber. Plaintiffs Amy Sparks, individually, and Robert D. Sparks, as personal representative of the estate of Jarred B. Sparks have asserted products liability claims against Defendants OxyHealth, LLC and OxyHealth Corporation related to the design and manufacture of the hyperbaric chamber. Plaintiffs seek discovery of documents and testimony related to those claims from Defendants as well as from non-party Hyperbaric Technologies, Inc. The Court finds that certain information sought and to be produced by Plaintiffs Amy Sparks, individually, and Robert D. Sparks, as personal representative of the estate of Jarred B. Sparks, Defendants OxyHealth, LLC and OxyHealth Corporation, and non-party Hyperbaric Technologies, Inc. (collectively the "Agreeing Parties") likely will represent or contain sensitive, confidential or proprietary business information, trade secrets, or other confidential personal, financial, or personnel records, and/or technical or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure. Accordingly, the Court finds good cause for entry of this Protective Order.

1

IT IS THEREFORE ORDERED as follows:

1. <u>Counsel for the Parties</u>.  This Protective Order is consented to by the parties through their counsel of record: Justin D. Bice of Bice Law LLC and W. Christopher Swett of Motley Rice on behalf of Plaintiffs; Kevin L. Chignell and Melanie Black Dubis of Parker Poe Adams & Bernstein, LLP on behalf of Defendants; and Leslie C. Packer and Nora F. Sullivan of Ellis & Winters LLP on behalf of non-party Hyperbaric Technologies, Inc.

2. <u>Material Governed</u>.  This Protective Order shall govern all discovery material produced or disclosed by the Agreeing Parties during this litigation, including the following: documents, data and information, deposition transcripts, answers to deposition questions, and such other materials and information as may be provided by the Agreeing Parties during the course of discovery in this litigation, including pages of documents or divisible parts of other materials.

3. <u>"HIGHLY CONFIDENTIAL" Information</u>.  For purposes of this Protective Order, "HIGHLY CONFIDENTIAL" information means trade secrets or other confidential, competitive, proprietary, or private information and personnel records within the meaning of Fed. R. Civ. P. 26, which the Agreeing Parties take appropriate efforts to keep confidential or are otherwise required to keep confidential by agreement or law, that is contained or disclosed in any discovery material and that is designated in accordance with the procedures set forth in this Protective Order.  The designation of such information as "HIGHLY CONFIDENTIAL" shall be deemed effective unless and until the Court orders otherwise.

4. <u>Public Information</u>.  No document or other information that is or becomes available to the public, other than through a violation of this Protective Order, shall be considered "HIGHLY CONFIDENTIAL" information.

5. <u>Uses</u>.  "HIGHLY CONFIDENTIAL" information, documents (having the broadest meaning accorded that term and whether on paper or in any electronic format), data, and testimony provided by the Agreeing Parties in the course of this case are to be used solely for purposes of the above-captioned action and not for any business or other purpose whatsoever.  By their signatures below,

undersigned counsel agree and represent that they will use any information or documents produced in this proceeding and designated as "HIGHLY CONFIDENTIAL" only to represent their respective clients in this case, that such use shall be subject to the terms of this Protective Order and that they will not use such information or documents (either directly or indirectly) for any purpose other than representing their respective clients in this case.

6. <u>Document Designations</u>. Documents produced by the Agreeing Parties may be designated as "HIGHLY CONFIDENTIAL" by stamping each designated page or medium containing the data.

7. <u>Deposition Designations</u>. Information disclosed during depositions in this case may be designated on the record as "HIGHLY CONFIDENTIAL." In the event that any question is asked at a deposition with respect to which the attorney for an Agreeing Party asserts, on the record, that the answer requires the disclosure of "HIGHLY CONFIDENTIAL" information, the question shall nonetheless be answered by the witness fully and completely. Before the witness answers, however, all persons present who are not otherwise bound by this Protective Order shall be advised of and asked to evidence their agreement to the terms and conditions of this Protective Order on the record. If any such person, other than the witness, declines to evidence agreement to this Protective Order, that person shall leave the room during the time in which "HIGHLY CONFIDENTIAL" information is disclosed or discussed.

Alternatively, or in addition, counsel for an Agreeing Party may designate specific pages and lines of the transcript or video recording of the deposition that contain "HIGHLY CONFIDENTIAL" information by notifying counsel for all parties in writing prior to any proceeding in which they may be used, or otherwise within thirty (30) calendar days of receipt of the transcript or video recording of such deposition. Except in unusual situations, entire deposition transcripts should not be designated as "HIGHLY CONFIDENTIAL."

8. <u>Restrictions on Disclosure</u>. None of the "HIGHLY CONFIDENTIAL" documents or testimony produced by the Agreeing Parties shall be disclosed to any person or persons other than those Authorized Persons identified below. Such information may be used by such Authorized Persons only for

3

Case 5:13-cv-00649-FL   Document 30   Filed 07/15/14   Page 3 of 10

purposes of this case and for no other purposes whatsoever. Nothing in this Protective Order, however, shall prevent disclosure beyond the terms of this Protective Order if the party that designated the documents or testimony as "HIGHLY CONFIDENTIAL" consents in writing prior to such disclosure, or if the Court orders such disclosure. Nothing in this Protective Order shall be construed as a restriction on the use or disclosure of information by a party whose documents have been designated as "HIGHLY CONFIDENTIAL", or otherwise limit the ability of the Agreeing Parties to disclose their own documents identified as "HIGHLY CONFIDENTIAL"

9. <u>Authorized Persons</u>. Except as agreed to in writing by the Agreeing Party that designated documents or testimony as "HIGHLY CONFIDENTIAL" (or their counsel) or as otherwise provided by this Protective Order, access to "HIGHLY CONFIDENTIAL" information shall be reviewed and disclosed only as follows, and only after compliance with the procedures set forth herein, and restricted to the following persons:

　　a.　The Court and Court personnel;

　　b.　The parties to this case, provided that personnel of Defendants Oxy-Health, LLC and Oxy-Health Corporation with access to information designated "HIGHLY CONFIDENTIAL" by the other Agreeing Parties shall be limited to officers, directors, employees, and contractors of Oxy-Health, LLC or Oxy-Health Corporation who require the information to assist in or evaluate this litigation;

　　c.　Counsel of record described in Section 1 of this Order, along with associated attorneys in their law firms and law clerks, paralegals, clerical staff, and other staff employed by such law firms, provided that each person to whom the information is to be disclosed first must be shown a copy of this Protective Order and orally agree to be bound by its terms and conditions;

　　d.　Independent consulting or testifying expert witnesses or trial consultants, including their staff, retained by the parties in connection with this case who have signed the Agreement Concerning Protected Information ("Exhibit A");

　　e.　Outside contractors hired to copy, index, sort, or otherwise manage the storage and retrieval of discovery material, provided that each contractor is advised that the documents are subject to a protective order;

　　f.　The officer or court reporter taking, reporting, recording, transcribing, or videotaping deposition or other testimony in this action, and employees of such officers or court reporters to the extent necessary to prepare the transcript of the deposition; and

g. Any other person who is subsequently designated either by written agreement by all parties to this Consent Protective Order or by Order of the Court and who have signed Exhibit A.

Each person described above to whom "HIGHLY CONFIDENTIAL" information or testimony is delivered shall maintain the confidentiality of the document and/or information.

10. <u>Inadvertent Disclosure of "HIGHLY CONFIDENTIAL" Documents</u>. Failure to designate or stamp as "HIGHLY CONFIDENTIAL" at the time of production shall not be a waiver of the protection for "HIGHLY CONFIDENTIAL" information, provided that counsel for the Agreeing Party that inadvertently disclosed "HIGHLY CONFIDENTIAL" information promptly notifies the receiving party upon realizing the failure, but in no event more than sixty (60) calendar days from the date of production. Any party who is notified that a "HIGHLY CONFIDENTIAL" document or other information has been inadvertently produced shall treat the document or other information as subject to the designation of confidentiality unless and until the Court determines that such designation does not apply, and shall make reasonable efforts to notify all persons who have received the document or other information now designated as "HIGHLY CONFIDENTIAL" to inform them of the designation of confidentiality and the requirements that accompany such a designation. However, the receiving party shall not be in violation of this Protective Order for any disclosure of information made prior to receiving such notice.

11. <u>Inadvertent Disclosure of Privileged Documents</u>. In the event that one of the Agreeing Parties notifies the receiving party that it has inadvertently produced a document or other information that may constitute work product, may be subject to a claim of privilege under the attorney-client privilege, or is otherwise privileged, the receiving party shall, unless the Court otherwise orders: (a) refrain from further examining any document or information claimed as privileged or otherwise protected; (b) follow the producing party's instructions as to the disposition of the document or other information; and (c) refrain from using, to the disadvantage of the producing party, the substance of the document or other information that is claimed as privileged or otherwise protected.

5

Case 5:13-cv-00649-FL   Document 30   Filed 07/15/14   Page 5 of 10

12. <u>Notification of Subpoenas</u>.  In the event that any person who receives or is in possession of documents or testimony designated as "HIGHLY CONFIDENTIAL" obtained from the Agreeing Parties subsequently receives from a non-party to this action any subpoena or other compulsory request seeking the production or other disclosure of the designated documents or testimony, that person shall immediately notify the Agreeing Party that designated the documents or testimony as "HIGHLY CONFIDENTIAL" in writing, specifying the information sought and enclosing a copy of the subpoena or other form of compulsory process in order to permit the designating party the opportunity to intervene and seek to prohibit the disclosure of the information.  Where possible, at least ten (10) calendar days' notice shall be given prior to the production or disclosure.  In no event shall production or disclosure be made before notice is given to the Agreeing Party that designated the documents or testimony as "HIGHLY CONFIDENTIAL".

13. <u>Filing with the Court</u>.  No party to this action shall file any materials that contain "HIGHLY CONFIDENTIAL" information with the Court unless filing those materials is reasonably necessary to the disposition of an issue before the Court.  If the Agreeing Party that designated the documents or testimony as "HIGHLY CONFIDENTIAL" desires that materials or information designated "HIGHLY CONFIDENTIAL" under this Protective Order be filed under seal, then the filing party shall file the materials on paper, in accordance with Local Civil Rule 79.2(e) and Section T of the Electronic Case Filing Administrative Policies and Procedures Manual for the Eastern District of North Carolina, with notice of filing to the producing party or individual.

The provisional filing of the materials under seal shall not be binding on the Court.

Within seven (7) days of service of notice of a filing under seal, the Agreeing Party that designated the documents or testimony as "HIGHLY CONFIDENTIAL" shall file with the Court a Motion to Seal and supporting memorandum of law.  The party who initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed.  The memorandum in support may be filed under seal.

Each time an Agreeing Party seeks to file under seal confidential documents, things, and/or information, said Agreeing Party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said Agreeing Party must set out such findings in a proposed order to seal for the court.

All sealed documents must filed through the Court's case Management / Electronic Case Filing system ("CM/ECF") pursuant to Section T of the Electronic Case Filing Administrative Policies and Procedures Manual for the Eastern District of North Carolina. Before ruling on any motion to seal the Court will give the public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the Court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the court will notify persons present in courtroom proceedings of the motion. The Court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may attach to the documents, things, and/or information at issue. .

Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling on the Motion to Seal.

If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for Order of the Court.

14. <u>No Admission Implied</u>. The designations contained in this Protective Order are intended solely to facilitate discovery and/or hearings in this case; such designations shall not be construed in any

7

way as an admission that such information constitutes or contains confidential or proprietary information as a matter of law.

15. <u>Use at Trial</u>. Nothing in this Protective Order shall be construed as a limitation on the use or disclosure of "HIGHLY CONFIDENTIAL" information at any trial of this case.

16. <u>Conclusion of Case</u>. At the conclusion of this case, all copies of all documents designated as "HIGHLY CONFIDENTIAL," or of media containing the same, within sixty (60) calendar days of the disposition or final termination of this case (or if a post-hearing motion or appeal is filed, sixty (60) calendar days after the disposition of those matters) shall be returned to counsel for the Agreeing Party that designated the documents or testimony as "HIGHLY CONFIDENTIAL".

Notwithstanding the foregoing, counsel may retain two archival copies of court filings (one in electronic form; one in hard copy form) and two copies of deposition and trial transcripts (including two copies of exhibits thereto) (one in electronic form; one in hard copy form), as well as any materials constituting attorney work product, containing "HIGHLY CONFIDENTIAL" information, which materials will remain subject to this Protective Order.

17. <u>Survival</u>. The terms and conditions of this Protective Order shall remain in full force and effect and shall survive the final resolution of this case and shall be binding on all parties unless the Protective Order is terminated or modified in writing by the Court.

18. <u>Modification or Termination</u>. The entry of this Protective Order shall be without prejudice to the rights of any party to apply for additional or different protection where it is deemed appropriate. This order is subject to modification or termination by the Court upon showing of good cause.

SO ORDERED, this  15th   day of        July , 2014.

_____
The Honorable Louise W. Flanagan
United States District Court Judge

/s/ W. Christopher Swett
W. Christopher Swett
N.C. State Bar No.
MOTLEY RICE LLC
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Telephone: 843-216-9000
Facsimile: 843-216-9450
Email: cswett@motleyrice.com

*Attorney for Plaintiffs*


/s/ Kevin L. Chignell
Kevin L. Chignell
N.C. State Bar No.
PARKER POE ADAMS & BERNSTEIN LLP
PO Box 389
Raleigh, NC 27602
Telephone: 919-828-0564
Facsimile: 919-834-4564
Email: kevinchignell@parkerpoe.com

*Attorney for Defendants*


/s/ Leslie C. Packer
Leslie C. Packer
N.C. Bar No. 13640
ELLIS & WINTERS LLP
P. O. Box 33550
Raleigh, NC  27636
Telephone:  919-865-7000
Facsimile:  919-865-7010
E-mail: leslie.packer@elliswinters.com


/s/ Nora F. Sullivan
Nora F. Sullivan
N.C. Bar No. 43284
ELLIS & WINTERS LLP
P. O. Box 33550
Raleigh, NC  27636
Telephone:  919-865-7000
Facsimile:  919-865-7010
E-mail: nora.sullivan@elliswinters.com

*Attorneys for Hyperbaric Technologies Inc.*

9

EXHIBIT A: Agreement Concerning Protected Information

       The undersigned acknowledges that s/he has been given access to certain documents or testimony covered by the Consent Protective Order in this case, that s/he has read, understands, and agrees to be bound by the terms and conditions of the Protective Order, and that s/he has been designated as an Authorized Person under the terms of this Consent Protective Order. The undersigned further understands that the Consent Protective Order prohibits him/her from disclosing or discussing the contents of any document to or with any person other than those individuals identified in the Consent Protective Order.

_____
SIGNATURE

_____
PRINTED NAME

_____
DATE