# EXHIBIT E



HYPERBARIC STRETCHERS
and
TREATMENT SYSTEMS



S.O.S. Limited
612 Watford Way
London NW7 3JH
England

Tel: +44 (0) 20 8959 8959
Fax: +44 (0) 20 8959 7971
E-Mail: sos@hyperlite.co.uk
Web Site: www.hyperlite.co.uk

Hyperlite is the Trade Mark of SOS Limited
Reg. Office: 10 Bridge Street Christchurch
BH23 1EF England No: 1620403
VAT No: 645 7685 92

Ms. Brenda Hayden
CDRH/ Office of Compliance (HFZ-342)
Food and Drug Administration
2098 Gaither Road
Rockville, MD 20895



5th November 2002

Dear Ms. Hayden,

In 1991, our Company was issued clearance to market the 'SOS Hyperlite' portable hyperbaric chamber (K905168). This action was taken whilst approaches were made to the American Society of Mechanical Engineers Standards Committee on Pressure Vessels (ASME PVHO) to accept non-metallic pressure vessels as an alternative to metallic vessels and to ensure that our device was at least as safe as other PVHOs.
After four years of extremely rigorous design validation and testing, the ASME approved our design, manufacturing procedures, testing and quality assurance procedures for the 'SOS Hyperlite' portable hyperbaric chamber in the form of Code Case No.6.

Though we understand that compliance to ASME PVHO for hyperbaric chambers is not a mandatory requirement to obtain FDA marketing clearance, it is a regulatory expectation and without question the industry norm in the United States. However, in the absence of demonstrated ASME PVHO compliance, a hyperbaric chamber manufacturer must submit comparable design validation data to ensure the safety and effectiveness of their chamber. It is this issue that we would like to bring to your attention.

On August 2, 2000, marketing clearance was granted to Hyperbaric Technologies, Inc. of Amsterdam, New York for four models of their portable, fabric hyperbaric chambers. Clearance was issued based upon the manufacturer's claim of substantial equivalency to the Gamow Bag, which received FDA clearance number K874752A. Neither the Gamow Bag, nor any of the HTI portable, fabric hyperbaric chambers comply (neither past nor present) with the requirements of ASME PVHO. In accordance with the scope of ASME PVHO-1, 1997 with 2000 addendum), all pressure vessels for human

MR_Sparks 000566

occupancy, regardless of their design pressure, must comply with the requirements of ASME PVHO. Given the fact that the HTI hyperbaric chambers do not comply is of extreme concern to us in that they also are constructed of non-standard materials, they utilize a means of pressure enclosure not recognized by PVHO (zippered closure) and incorporate non-acrylic, non-PVHO approved viewports. Failure of any of these components could be hazardous to the chamber occupant, operator, or bystander. We have even heard, through the hyperbaric community, that one of the HTI chambers experienced a failure of a pressure connector at a scientific meeting a month or so ago. We are relieved that no one was injured.

Further, NFPA 99, Safety Standard for Health Care Facilities, 2002 edition requires that all hyperbaric chambers used for clinical application be designed, fabricated and stamped in accordance with ASME PVHO (NFPA 99, 20.2.2, 2002 edition). In addition to the requirements set forth in NFPA 99, the Life Safety Code (NFPA 101) also requires compliance to NFPA 99, Chapter 20, Hyperbaric Facilities (formerly Chapter 19) for any hyperbaric chamber in use in a building occupancy covered by NFPA 101 (Section 8.4.5, 2000 edition). Therefore, one would logically conclude from the cross-referenced requirements of NFPA, none of the HTI portable, fabric hyperbaric chambers can be lawfully placed into service unless they are designed, fabricated and stamped in accordance with ASME PVHO. If we are correct with our assumptions, how is it that local authorities have jurisdiction to allow such chambers to be placed in service?

We believe that the FDA clearance for the HTI models of portable, fabric hyperbaric chambers is at odds with other nationally recognized safety standards (NFPA 99, NFPA 101) and, as such, places our Company at a competitive disadvantage. Though our two devices differ in design, they are philosophically similar. In recent years, there has been a significant increase in the number of submissions for marketing clearance for hyperbaric chambers. It is our understanding that a high premium is given to compliance to ASME PVHO. Why should the HTI portable, fabric hyperbaric chambers not be held to the same standard? As noted at the beginning of this letter, our Company sought ASME PVHO compliance at a tremendous cost and over a long period of time, because it was a) the only way we could be sure of entering the market, b) as Professional Engineers, there could be no shortcuts to technical innovation, progress and success, and c) it was the proper thing to do. Failure to hold HTI to the same standard sends a very troublesome message to the hyperbaric manufacturing community.

We also understand that one of the conditions of FDA clearance was for a label to be attached, informing the consumer that the HTI portable, fabric hyperbaric chamber does not comply with the ASME PVHO safety standard. Our enquiries into this matter leads us to believe that there are no such labels affixed to any of the cleared devices.

We would also like to bring to your attention the fact that according to the information posted on the FDA website, K001409 does not appear to cover the HTI Vitaeris 320. K001409 only provides comparison data for models with a 21 inch diameter and 54 inch diameter, not the 33 ½ inch diameter Vitaeris 320 described in their marketing literature. Though we understand that

MR_Sparks 000567

introducing a new model may not require that separate pre-market notification be submitted, we feel that you should be aware of this.

We trust that you will give these matters your urgent attention.

Yours truly,
For SOS Limited

Jane Selby
Director

MR_Sparks 000568