IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-649-FL

| | |
|---|---|
| AMY SPARKS, *individually*, and ROBERT D. SPARKS, *as Personal Representative of the Estate of Jarred B. Sparks*,<br><br>Plaintiffs,<br><br>v.<br><br>OXY-HEALTH, LLC and OXY-HEALTH CORPORATION,<br><br>Defendant. | ORDER |

This matter is before the court on plaintiffs' motion to stay decision on defendants' recently-submitted motions for costs and attorney fees pending outcome of plaintiffs' appeal. (DE 129). The issues raised have been briefed fully, and in this posture are ripe for ruling. For the reasons stated more specifically herein, plaintiffs' motion is denied.[1]

## BACKGROUND

Plaintiffs are the mother and father of decedent Jarred Sparks, suing in her individual capacity and in his representative capacity as the administrator of Jarred's Estate, respectively. Plaintiffs' suit arises out of Jarred's untimely death by asphyxiation while receiving hyperbaric oxygen therapy inside an Oxy-Health Vitaeris 320 hyperbaric chamber (the "Vitaeris"). Defendants

---

[1] Also pending before the court are the motions of defendants Oxy-Health, LLC and Oxy-Health, Corp., for attorney fees (DE 120) and costs (DE 121). The court will address these motions by separate order to follow.

are the Vitaeris's distributor. However, the Vitaeris is manufactured by a third party, Hyperbaric Technologies, Inc.

Plaintiffs filed suit on September 12, 2013, asserting negligence claims against defendants, as well as other statutory claims. In particular, the Estate asserted against defendants product liability claims for inadequate warning, under N.C. Gen. Stat. § 99B–5, defective design, under § 99B–6, and a statutory claim for violation of the North Carolina Unfair and Deceptive Practices Act ("UDPA"), N.C. Gen. Stat. § 75–1.1 et seq. In addition, plaintiff Amy Sparks asserted against defendants a claim for negligent infliction of emotional distress.

After a period of discovery, defendants filed a motion for summary judgment on December 1, 2014. On September 15, 2015, the court entered order granting defendants' motion for summary judgment. See Sparks v. Oxy-Health, LLC, __ F. Supp. 3d __, 2015 WL 5773591 (E.D.N.C. 2015). In its order, as to the Estate's claims, the court held that defendants had no duty to warn of the asphyxiation hazard posed by the Vitaeris and, in any event, any allegedly inadequate warning did not cause Jarred's death; that any allegedly defective design did not cause Jarred's death; and that plaintiffs had failed to create a genuine dispute of material fact on the necessary "reliance" element of its unfair trade practices claim. As an essential part of its ruling on the Estate's unfair trade practices claim, the court struck an affidavit relied upon by plaintiffs as a "sham." As to plaintiff Amy Sparks's negligent infliction of emotional distress claim, the court concluded that her claim failed as a matter of law because she did not observe the harm caused to Jarred by defendants' alleged negligence. Plaintiffs timely filed a notice of appeal on October 5, 2015.

On September 29, 2015, defendants filed a motion for costs, under Federal Rule of Civil Procedure 54(b), as well as a motion for attorney fees pursuant to the UDPA, N.C. Gen. Stat. §

75–16.1. Defendants assert their entitlement to both awards as the "prevailing party." Plaintiffs responded in opposition to both motions on October 12, 2015. Contemporaneously therewith, plaintiffs also filed the instant motion to stay the court's ruling on defendants' motions until resolution of the appeal before the Fourth Circuit. In support of their motion, plaintiffs make no specific legal arguments. Nor do they cite any applicable law. Rather, in their one-page motion, plaintiffs merely request that "this Honorable Court stay the instant proceedings and wait for a final determination with respect to whether or not OxyHealth is the 'previaling party.'" (Pl.'s Motion to Stay, DE 129).

## COURT'S DISCUSSION

A.  Standard of Review

In determining whether to grant a stay pending appeal, the court must consider four factors: "1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; 2) whether the applicant will be irreparably injured absent a stay; 3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and 4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 434 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). "There is substantial overlap between these and the factors governing preliminary injunctions, . . . not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined." Id. (citing Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22-24 (2008)). The party seeking a stay bears the burden of establishing each factor. Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970).

B. Analysis

Plaintiffs assert their entitlement to a stay, yet fail to submit any memorandum of law in support of their position. Plaintiffs' failure to file an accompanying memorandum not only disregards the Local Civil Rules, see Local Civil Rule 7.1(d) ("[A]ll motions made . . . shall be filed with an accompanying supporting memorandum."), but also fatally undermines plaintiffs' ability to make the required showing successfully. Moreover, plaintiffs suggest this case was automatically stayed at the time they filed their appeal. It was not. See, e.g., Fed. R. Civ. P. 62(a) (outlining circumstances in which a case automatically is stayed); United States v. $ 95,945.18 in U.S. Currency, 913 F.2d 1106, 1107–08 (4th Cir. 1990).

In any event, plaintiffs suggest some of the relevant considerations may be present in their response to defendants' motions for costs and attorney fees. Considering those arguments to be made in support of plaintiffs' motion to stay, the court now turns to the four-factor analysis outlined by the Supreme Court, and rejects plaintiffs' motion.

1. Likelihood of Success

First, plaintiffs have failed to show a likelihood of success on appeal. Plaintiffs' briefing leaves this factor unaddressed. In denying plaintiffs' motion here, the court rests on its analysis of defendants' motion for summary judgment. See Sparks, 2015 WL 5773591, at *16–29. As to the Estate's product liability claims, defendants had no duty to warn of the particular hazard alleged in the complaint. In addition, defendants were not the proximate cause of Jarred's death where plaintiffs could not raise above speculative whether Jarred's death would have occurred in the absence of other potential causes. As to plaintiff Amy Sparks's negligent infliction of emotional distress claim, plaintiffs are unlikely to prevail on appeal because plaintiff Amy Sparks did not

4

personally observe the harm suffered by Jarred, a position well-supported under North Carolina law. See Sparks, 2015 WL 5773591, at *26 (collecting cases).

In addition, plaintiffs are unlikely to succeed on their appeal of the Estate's UDPA claim, where the Estate failed to cite any evidence in support thereof. See id. at *28–29. See generally Fed. R. Civ. P. 56(c)(3). As the court discussed in its order, the lone piece of evidence upon which the Estate based its claim was in direct conflict with plaintiff Amy Sparks's prior deposition testimony, and was not entitled to consideration. Sparks, 2015 WL 5773591, at *28.

   2.   Irreparable Injury

Plaintiffs' argue that irreparable injury will occur because they cannot afford defendants' costs or attorney fees. In support of their irreparable injury argument, plaintiffs rely on the affidavit of Robert Sparks. (Robert Sparks Aff., DE 128-1).

The fact that some monetary harm will occur upon the denial of a stay is not a sufficient basis for granting the motion. See Long, 432 F.2d at 980. Although plaintiffs argue that they do not have the financial means to pay an award of costs or attorney fees, Robert Sparks's affidavit fails to support meaningfully plaintiffs' position. Rather, the affidavit conclusorily states that Robert Sparks was laid of in September 2015, that the Sparks family currently lives on plaintiff Amy Sparks's salary of $2,700.00 per month, and that plaintiffs cannot afford the requested $19,291.55 in costs. It contains no discussion as to the family's liquid savings, the family's disposable income, other sources of income, or Robert Sparks's ability or inability to secure additional employment. On this bare record, the court will not conclude that plaintiffs have carried their burden to establish irreparable injury in the absence of a stay. In any case, even if irreparable injury would result, the presence of irreparable injury, standing alone, is not a sufficient reason to grant a stay. See Long,

432 F.2d at 980. Based on the absence of evidence supporting this factor, it also weighs against granting the requested stay.

   3.   Injury to Other Party

The case law suggests a presumption that the prevailing party will be harmed upon the issuance of a stay. See Long, 432 F.2d at 979 ("[A] party seeking a stay must show . . . that other parties will not be substantially harmed by the stay."). Plaintiffs provide no argument to suggest that defendants would not be harmed upon the issuance of a stay. Where plaintiffs have not submitted any argument, this factor weighs against granting a stay.

   4.   Public Interest

The public interest weighs against granting a stay. To the extent costs are to be awarded pursuant to Federal Rule of Civil Procedure 54(d), the rules favor the "speedy" resolution of controversies. Fed. R. Civ. P. 1. Granting a stay, where none of the other relevant considerations have been addressed, unduly would impair that goal. Thus, the public interest is served by not staying defendants' motion for costs. Moreover, where the court's summary judgment order now is on appeal, see Sparks v. Oxy-Health, LLC, No. 15-2185 (4th Cir.), a speedy decision as to defendants' entitlement to costs may allow the merits of the court's decision, as well as the court's award, to be reviewed contemporaneously.

As to defendants' motion for attorney fees, made pursuant to N.C. Gen. Stat. § 75-16.1, North Carolina law explicitly provides for provision of attorney fees to prevailing defendants in certain circumstances. Plaintiffs have presented no policy arguments outweighing the considerations embodied in the relevant statute.

6

Case 5:13-cv-00649-FL   Document 132   Filed 11/16/15   Page 6 of 7

## CONCLUSION

Based on the foregoing, plaintiffs' motion to stay decision on defendants' motions for costs and attorney fees pending appeal (DE 129) is DENIED.

SO ORDERED, this the 16th day of November, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge