IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-649-FL

| | | |
|---|---|---|
| AMY SPARKS, *individually*, and ROBERT D. SPARKS, *as Personal Representative of the Estate of Jarred B. Sparks*, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | ORDER |
| v. | ) ) | |
| OXY-HEALTH, LLC and OXY-HEALTH CORPORATION, | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on motions for costs and attorney fees made by defendants

Oxy-Health, LLC and Oxy-Health Corporation (collectively "defendant" or "Oxy-Health"). (DE

120 & 121). The issues raised have been briefed fully and in this posture are ripe for ruling. For

the reasons stated more specifically below, defendant's motions are denied.

## BACKGROUND

Plaintiffs are the mother and father of Jarred Sparks, a 19-year old who asphyxiated inside

a hyperbaric chamber while receiving hyperbaric oxygen therapy ("HBOT"). Jarred's mother sued

for negligent infliction of emotional distress in her individual capacity, while Jarred's father brought

product liability claims, under N.C. Gen. Stat. §§ 99B–5 & –6, as well as a claim for violation of the

North Carolina Unfair and Deceptive Practices Act ("UDPA"), N.C. Gen. Stat. § 75–1.1, in his

capacity as administrator of Jarred's Estate. Defendant distributes a variety of hyperbaric chambers,

including chambers like the one at issue in this case (the "Chamber") under its "Oxy-Health" line. The Chamber was manufactured by a third party, Hyperbaric Technologies Incorporated.

On December 1, 2014, defendant filed a motion for summary judgment. On September 15, 2015, the court entered order granting defendant's motion in its entirety. See Sparks v. Oxy-Health, LLC, __ F. Supp. 3d __, 2015 WL 5773591 (E.D.N.C. 2015). As pertinent here, the court granted summary judgment on the Estate's product liability claims, at least in part, because the Estate failed to establish that the Chamber's defective design, or lack of warning, was the proximate cause of Jarred's death. On the Estate's UDPA claim, the court held that plaintiffs had failed to establish actual reliance on any allegedly deceptive misrepresentation. In granting defendant's motion as it addressed the Estate's UDPA claim, the court struck an affidavit filed by plaintiff Amy Sparks under the "sham affidavit" doctrine, concluding that the affidavit was in conflict with plaintiff Amy Sparks's prior deposition testimony. See Sparks, 2015 WL 5773591, at *28.

On September 29, 2015, defendant filed the instant motions for costs and attorney fees. On October 5, 2015, plaintiff appealed. On October 12, 2015, plaintiffs filed a motion to stay decision on defendant's motions until resolution of their appeal. On November 16, 2015, the court denied plaintiffs' motion to stay. See generally Sparks v. Oxy-Health, LLC, No. 5:13-CV-649, 2015 WL 7281623 (E.D.N.C. Nov. 18, 2015).

## COURT'S DISCUSSION

A.      Attorney Fees under the UDPA

Defendant first moves for attorney fees under the UDPA. Section 75–16.1 provides that "the presiding judge, in [her] discretion, [may] allow a reasonable attorney fee to the duly licensed attorney representing the prevailing party . . . upon a finding by the presiding judge that . . . [t]he

2

party instituting the action knew, or should have known, the action was frivolous and malicious." N.C. Gen. Stat. § 75–16.1(2). "A claim is frivolous if a proponent can present no rational argument based upon the evidence or law in support of [it]. A claim is malicious if it is wrongful and done intentionally without just cause or excuse or as a result of ill will." McKinnon v. CV Indus., Inc., 228 N.C. App. 190, 199 (2013); Blyth v. McCrary, 184 N.C. App. 654, 663 n.5 (2007). A party "should know" that a claim is frivolous and malicious where he or she can put forward no facts to support it. See Castle McCulloch, Inc. v. Freedman, 169 N.C. App. 497, 504 (2005).

Defendant, the undisputed prevailing party, contends that the Estate's claim was "frivolous and malicious" because plaintiffs had no evidence to support the legal theories asserted in their brief in opposition to defendant's motion for summary judgment. In support of this contention, defendant points to the court's order on summary judgment, which struck as a sham the sole piece of evidence tendered in support of the Estate's claim.

To succeed on an unfair trade practices claim, a plaintiff must show 1) that the defendant committed an unfair or deceptive act or practice; 2) that the action in question was in or affecting commerce; and 3) that the act proximately caused the plaintiff injury. Bumpers v. Cmty. Bank of N. Va., 367 N.C. 81, 88 (2013). When the "unfair or deceptive act or practice" is a deceptive misrepresentation, the proximate cause element requires proof that the plaintiff actually and reasonably relied on the representation. Id. at 89–90. When the court struck plaintiffs' evidence, an affidavit executed by plaintiff Amy Sparks, as a sham, no other cited evidence demonstrated actual reliance.

Nevertheless, defendant's reliance on the court's order striking the affidavit as a sham is misplaced. While the court, in its discretion, concluded that the affidavit contradicted plaintiff Amy

Sparks's earlier testimony, where in the affidavit she mentioned for the first time her reliance on materials given to her at a 2009 autism conference, it does not follow that the Estate's UDPA claim was "frivolous and malicious." Rather, plaintiffs put forth a spirited and well reasoned, albeit unavailing, argument that the affidavit merited consideration. On the facts of this case, the court is unwilling to conclude that the Estate's UDPA claim was frivolous and malicious and will not award attorney fees under § 75–16.1

B.     Attorney Fees under § 1D–45

Section 1D–45 provides that the court "shall award" attorney fees "resulting from the defense against [a] punitive damages claim, against a claimant who files a claim for punitive damages that the claimant knows or should have known to be frivolous or malicious." N.C. Gen. Stat. § 1D–45. "Frivolous" and "malicious" are defined as under the UDPA. See Rhyne v. K–Mart Corp., 149 N.C. App. 672, 689 (2002).

Punitive damages is not an independent cause of action. See Cloaninger v. McDevitt, 555 F.3d 324, 336 (4th Cir. 2009). An award of punitive damages may be based on a finding of either fraud, malice, or willful or wanton conduct "related to" the ultimate injury suffered. N.C. Gen. Stat. § 1D–15. Given North Carolina's unclear product liability law, the court cannot conclude that plaintiffs' request for punitive damages was frivolous and malicious. In addition, although the causation issue at the heart of the court's analysis favored defendant, it was not so one sided that the court can conclude only that plaintiffs had no rational argument in support of their position. Cf. Philips v. Pitt Cnty. Mem'l Hosp., 775 S.E.2d 882, 884 (N.C. Ct. App. 2015) (concluding plaintiff had no rational argument in support of his punitive damages claim where the evidence presented by

defendant clearly belied any liability). Thus, defendant's motion for attorney fees under § 1D–45 is denied.

C.    Costs

Defendant requests the court tax against plaintiffs in excess of $19,000.00 in costs. Federal Rule of Civil Procedure 54(d) provides that costs, other than attorney fees, "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Thus, costs typically are allowed as a matter of course. Cherry v. Champion Int'l. Corp., 186 F.3d 442, 446 (4th Cir. 1999).

Nevertheless, costs "may be denied when there would be an element of injustice in a presumptive cost award." Id. The decision to deny all, or part, of a cost award is guided by several factors, misconduct by the prevailing party, the losing party's inability to pay, the excessiveness of costs relative to the circumstances of the case, the limited value of the prevailing party's victory, and the closeness and difficulty of the issues decided. Id. at 446–47.

The court turns first to the preliminary matter of good faith. The losing party's "good faith" is a "virtual prerequisite" to receiving relief from a cost award. Id. at 446. Although the court concluded that plaintiffs had submitted a sham affidavit, it does not necessarily follow that plaintiffs acted in bad faith. Rather, the court concluded only that the affidavit conflicted with plaintiff Amy Sparks's prior deposition testimony. Where a finding of bad faith does not necessarily follow, and defendant does not raise any independent argument on the issue, the court is unwilling to conclude plaintiffs submitted the affidavit in bad faith.

Plaintiffs contend that the court should deny defendant an award of costs in this case because of their inability to pay such award, as well as the closeness or complexity of the issues decided. As to plaintiffs' first contention, their inability to pay, the court is not persuaded. As the court stated

5

in its order denying plaintiffs' motion to stay decision on these motions pending appeal, the affidavit submitted by plaintiffs is nonspecific and self serving. <u>Sparks</u>, 2015 WL 7281623, at *2. It lacks enough information from which the court meaningfully could determine plaintiffs' purported inability to pay the cost award. <u>See</u> 10 Charles Alan Wright, <u>et al.</u>, <u>Federal Practice & Procedure</u> §2668 nn.12–14 & accompanying text.

As to plaintiffs' second contention, the closeness of issues decided, on review of the record as a whole, the court agrees. The court's order granting defendant's motion for summary judgment relies heavily on proximate causation. Although the court believes the legal issues were decided correctly, that fact does not alter the difficulty or closeness of the issues presented by this case. Moreover, as explained above, the court's decision to strike the declaration at issue was a close one. Accordingly, given the closeness of the issues presented, defendant's motion for costs is denied.

## CONCLUSION

Based on the foregoing, defendant's motions for costs and attorney fees (DE 120 & 121) are DENIED.

SO ORDERED, this the 17th day of December, 2015.

LOUISE W. FLANAGAN
United States District Judge

6